UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHIRLEY SCHUETTER,

    Plaintiff,

    v.

GAIL ESKER and KOHL'S, INC.,

    Defendants.

Case No. 19-cv-942-JPG-RJD

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Court's September 25, 2019, order for defendant Kohl's Department Store's Inc. (misnamed in the Complaint as Kohl's, Inc.) (hereinafter, the "Store") to show cause why the Court should not remand this case for lack of subject matter jurisdiction in light of the absence of complete diversity (Doc. 6). The Store responded to the order to show cause by filing the Amended Notice of Removal (Doc. 13).

The Court also considers the plaintiff Shirley Schuetter's motion to remand for procedural deficiencies in the removal and for lack of subject matter jurisdiction based on the lack of complete diversity noted in the Court's order to show cause (Doc. 14). The defendants have responded to the motion (Doc. 23), and Schuetter has replied to that response (Doc. 25).

**I.    Procedural History**

Schuetter filed this case in the Circuit Court for the Fourth Judicial Circuit, Effingham County, Illinois. In her complaint, she claims that defendant Gail Esker, an employee of the Store, was pushing a cart on which items were stacked so as to obscure Esker's view. Schuetter claims Esker pushed the cart into her, causing her to fall and become seriously injured. Schuetter sued both Esker and the Store, which she seeks to hold vicariously liable for Esker's conduct.

Jurisdictional questions in this case arose after the Store removed this case to this Court

(Doc. 1). As the basis for this Court's removal jurisdiction under 28 U.S.C. § 1441(a), the Store asserted original diversity jurisdiction, 28 U.S.C. § 1332(a), even though Schuetter and defendant Esker are both citizens of Illinois. The Court noted the apparent lack of complete diversity and ordered the Store to show cause why the Court should not remand this case for lack of subject matter jurisdiction (Doc. 6). The Store then filed the Amended Notice of Removal asserting the theory that, since Esker was an employee of the Store and complete relief could be obtained from the Store, the Court should disregard Esker's citizenship for jurisdictional purposes (Doc. 13). The Store further suggested the Court drop Esker from this case pursuant to Federal Rule of Civil Procedure 21 because she is a dispensable party under Federal Rule of Civil Procedure 19.

Apparently dissatisfied by the Store's explanation of the basis for diversity jurisdiction, Schuetter filed a motion to remand, raising an objection about the removal procedure and echoing the concerns of the Court that complete diversity does not exist (Doc. 14). She maintains that Esker is a proper defendant in this suit because of her role as an independent tortfeasor in the alleged tort. Additionally, Schuetter asks the Court to remand the case because, although Esker was properly joined and served with the complaint, she did not join in or consent to removal in a timely manner as required by 28 U.S.C. § 1446(b)(2)(A). To the extent Esker is a dispensable party, Schuetter urges the Court to exercise its discretion to keep Esker in this case.

In response, Esker expresses in writing her consent to removal of this case and argues that the notice of appearance by counsel on her behalf a week after removal sufficiently expresses her consent to removal and cures any defect prior to that time. She and the Store further accuse Schuetter of fraudulently joining Esker in this lawsuit for the sole purpose of destroying diversity jurisdiction and again urge the Court to dismiss Esker under Rule 21.

## II. Analysis

The Court addresses in turn Schuetter's procedural and substantive arguments in support of remand.

### A. Procedural Argument for Remand

Schuetter asks the Court to remand this case because Esker did not timely consent to removal. The defendants argue that the procedural defect was cured.

The Court begins with the procedural facts. Although Esker was served with the summons and complaint on July 28, 2019, she did not join in the Store's original Notice of Removal filed on August 28, 2019 (Doc. 1). The Notice of Removal was timely as to the Store, which was served with the summons and complaint on August 1, 2019. The original Notice of Removal did not state that Esker consented to removal, and Esker did not file anything on her own indicating she consented to it. The Store's attorney of record entered her appearance for Esker shortly after the removal, but the notice of appearance did not even hint at Esker's consent to removal. The Store filed an Amended Notice of Removal on September 13, 2019, but like the original Notice of Removal, it was not filed on behalf of Esker and did not indicate her consent to removal. The first written indication of Esker's consent is contained in the defendants' response to Schuetter's motion to remand, which was filed on October 14, 2019 (Doc. 23). This was 78 days after Esker, and 74 days after the Store, was served with the summons and complaint.

The law is clear that when a case is removed from state court to federal court under 28 U.S.C. § 1441(a), all served and properly joined defendants must join in the notice of removal in writing. 28 U.S.C. § 1446(b)(2)(A) (stating "all defendants who have been properly joined and served must join in or consent to the removal of the action"); *N. Ill. Gas Co. v. Airco Indus.*

*Gases,* 676 F.2d 270, 272 (7th Cir. 1982); *see Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019); *MB Fin., N.A. v. Stevens*, 678 F.3d 497, 499 (7th Cir. 2012); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) ("A petition for removal fails unless all defendants join it. To 'join' a motion is to support it in writing. . . ."), *overruled in part on other grounds by Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). The failure of even one served defendant to timely consent to removal in writing renders a notice of removal defective and subject to remand unless the removing defendant explains the absence of the missing defendant. *N. Ill. Gas*, 676 F.2d at 273. However, the failure to explain the absence of a defendant's written consent in an original notice of removal can be cured by filing an amended notice to provide a sufficient reason for that absence. *Id.* at 273 (amended notice explained that missing defendant was nominal party whose citizenship could be disregarded for jurisdictional purposes); *see* 28 U.S.C. § 1653.

It is a different story when a defendant's written consent is not missing for any sufficient reason. Such a defect can only be cured by filing that consent separately *within the time allowed by 28 U.S.C. § 1446 for the defendant to remove*, that is, within 30 days after the removing defendant is served with process. *See, e.g., Compassionate Pain Mgmt., LLC v. Frontier Payments, LLC*, No. 17 C 5568, 2017 WL 4423409, at *3 (N.D. Ill. Oct. 4, 2017) (removing defendant must obtain other defendants' consents within the 30-day removal period); *Jarvis v. Davis*, No. 3:16-CV-525, 2016 WL 6275600, at *2 (N.D. Ind. Oct. 27, 2016) (stating "the requirement of timely written consent is construed strictly" and rejecting later tendered consent). The only possible exception to this rule is where the consent is obtained and referenced in a filing within the 30 days, but the signature of the consenting party is filed beyond 30 days. *Compassionate Pain Mgmt.*, 2007 WL 4423409, at *4 (collecting cases).

4

In conducting its analysis, the Court is mindful that "[t]he party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009) (citing *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)).

It is clear that the Store's original Notice of Removal was defective on its face; it neither indicated Esker's consent nor explained why it was missing. The Amended Notice of Removal attempted to cure the deficiency by offering an explanation for the missing consent—essentially that Esker was not properly joined in this lawsuit so her consent was not necessary.

But Esker was properly joined, if not as a required party under Rule 19, at a minimum as a permitted party under Rule 20. Rule 20(a)(2) allows joinder of defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

The claims against Esker, an agent and employee of the Store, and the vicarious liability claims against the Store involve common questions of law and fact because they rely on the same incident. Additionally, each might bear liability jointly and severally if it is found that Esker breached an independent duty she owed to Schuetter. *See Schur v. L.A. Weight Loss Ctrs. Inc.*, 577 F.3d 752, 765 (7th Cir. 2009) ("Whether the employer is held vicariously liable for the agent's conduct, however, does not affect the agent's independent tort liability.") (citing *Towns v. Yellow Cab Co.*, 382 N.E.2d 1217, 1221 (Ill. 1978) ("[A]ny act of the servant which renders the master liable also renders the servant liable.")). In such circumstances, it would not be in the interests of justice to drop Esker as a party under Rule 21 and deprive Schuetter of her right

5

to sue Esker for Esker's own alleged negligence.

Since Esker is a proper defendant in this lawsuit, the Store was required to obtain and state her consent within 30 days of being served with the summons and complaint. Had it at least referred to her consent in its original Notice of Removal or its Amended Notice of Removal, the Court might have allowed a longer period to actually submit the consent in writing. However, the Store failed to even mention it in either its original or amended notices. The first her consent was ever reported to the Court, either by reference or written statement from Esker, was in the response to Schuetter's motion to remand, 74 days after the Store was served. This was too late. Consequently, the Store's notice of removal was fatally deficient, and the Court must therefore remand this action.

B.  Subject Matter Jurisdiction

Even if the notice of removal had been procedurally proper, the Court would have remanded this case for lack of subject matter jurisdiction since the parties are not completely divers as required by *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806). In its response to the motion to remand, the Store floats the idea that Esker may be fraudulently joined so her citizenship should be disregarded for diversity jurisdiction purposes.

The doctrine of fraudulent joinder is based on the principle that a plaintiff cannot defeat a defendant's right to removal by naming or joining a nondiverse party against whom it has no chance of success. *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009); *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993). The Court must ignore the citizenship of fraudulently joined defendants when determining if it has diversity jurisdiction. *Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 763; *Gottlieb*, 990 F.2d at 327. If diversity jurisdiction exists once the fraudulently joined

parties' citizenships have been disregarded, the Court may dismiss the fraudulently joined defendants and continue to exercise jurisdiction over the case. *Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 763.

Fraudulent joinder can occur in two circumstances: (1) when there is no possibility that a plaintiff can state a cause of action against a nondiverse defendant or (2) where there has been outright fraud in plaintiff's pleading of jurisdictional facts. *Gottlieb*, 990 F.2d at 327. To establish fraudulent joinder under the first prong, a defendant must demonstrate that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original); *accord Morris*, 718 F.3d at 666; *Schur*, 577 F.3d at 764. If there is "any reasonable possibility," *Poulos*, 959 F.2d at 73, that the plaintiff could succeed against a defendant, the defendant will not be deemed fraudulently joined. *Schur*, 577 F.3d at 764.

The first circumstance in which fraudulent joinder might be found does not exist in this case. As explained above, even if Esker was the Store's agent acting within the scope of her employment, she could still be liable if she breached an independent duty of care she owed to Schuetter. Because Schuetter has, in fact, stated such a cause of action against Esker, fraudulent joinder under this theory does not apply.

To establish fraudulent joinder under the second prong, a defendant can show the joinder was "without right and made in bad faith" because a defendant had "no real connection with the controversy." *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). To establish this kind of fraudulent joinder, the defendant must provide "facts rightly engendering" the conclusion that the joinder is "only a fraudulent device to prevent a removal." *Id.*

This second circumstance giving rise to fraudulent joinder does not apply either. Far

7

from having "no real connection" with the controversy, Esker is at the heart of it. It is her actions that Schuetter claims were negligent and were the foundation for the Store's *respondeat superior* liability. Thus, the second theory of fraudulent joinder does not apply.

Because the defendants have failed to establish that Esker was fraudulently joined, her citizenship must be considered in the jurisdictional analysis. Esker and Schuetter are both Illinois citizens, so there is no complete diversity. The Court therefore lacks original diversity subject matter jurisdiction over this case.

### III. Conclusion

The Court remands this case because the Store's removal was procedurally deficient for failing to reflect the unanimous consent of the defendants to removal. Alternatively, the Court remands this case because the parties are not completely diverse, so the Court lacks subject matter jurisdiction. For these reasons, the Court **GRANTS** Schuetter's motion to remand (Doc. 14) and **REMANDS** this case to the Circuit Court for the Fourth Judicial Circuit, Effingham County, Illinois.

**IT IS SO ORDERED.**
**DATED: November 20, 2019**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**